UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| KENNETH WALKING EAGLE, | CIV. 04-5086-KES |
| Plaintiff, | |
| vs. | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
| TED GARTENSHLAGER, South Dakota Highway Patrolman; JEFF TARRELL, Fall River County Sheriff, | |
| Defendants. | |

Plaintiff, Kenneth Walking Eagle, filed a complaint against various defendants alleging that he was assaulted by an officer and subsequently improperly denied medical treatment while detained, all in violation of his Fourteenth Amendment rights.  Defendant Jeff Tarrell denies the allegations and moves for summary judgment.  Walking Eagle failed to respond to the motion.  After careful consideration, the motion is granted.

## FACTS

Tarrell filed a statement of undisputed material facts with his motion for summary judgment.  Rule 56.1(C) of the Local Rules for the United States District Court for the District of South Dakota provides that the party opposing a motion for summary judgment "shall respond to each numbered paragraph in the moving party's statement [of material facts] with a separately numbered

response and appropriate citations to the record." A party opposing a motion for summary judgment should include "a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried." D.S.D. LR 56.1(C). The opposing party should also respond to each numbered paragraph of the moving party's statement of material facts. Id. The moving party's statement of facts is deemed admitted if unchallenged by the opposing party. LR 56.1(D). See also Northwest Bank & Trust Co. v. First Illinois Nat'l Bank, 354 F.3d 721, 724-25 (8th Cir. 2003) (holding it was not an abuse of discretion to deem that plaintiff had admitted all of defendants' statements of material facts as a sanction for noncompliance with local summary judgment rules). The court, therefore, finds that Walking Eagle has admitted all of the material facts contained in Tarrell's statement of undisputed material facts.

Sometime before September 14, 2003, Walking Eagle sustained an injury to his left forearm. Although no medical records are available, Walking Eagle's claim that a doctor inserted a metal plate and screws into his left forearm is not contested.

On or about September 14, 2003, Walking Eagle was arrested by Gartenshlager on charges of driving while intoxicated. Tarrell's Undisputed Material Facts ¶ 1. Walking Eagle claims that at the time of the arrest,

Gartenshlager twisted his left arm in such a manner that the metal plate and screws in his arm protruded through the skin.  Tarrell's Undisputed Facts ¶ 2.

After the arrest, Gartenshlager transported Walking Eagle to the Fall River County Jail for detention.  During the time Walking Eagle was booked into the jail, Wallace Campbell, the booking officer, completed a Medical Receiving Screening Form.  Tarrell's Undisputed Facts ¶ 3.  At that time, Campbell did not observe any signs Walking Eagle was suffering from pain or bleeding, nor did Campbell notice any trauma, illness, or infection requiring emergency medical attention.  Tarrell's Undisputed Facts ¶¶ 4-6.  Campbell did not detect anything that led him to believe that Walking Eagle had any type of medical condition requiring care.  He specifically saw no signs of injury requiring emergency medical attention.  Affidavit of Wallace M. Campbell ¶ 4.  The Medical Receiving Screening Form illustrates the absence of notable medical conditions.  Exhibit 1.

As standard practice dictates, Campbell asked Walking Eagle a series of questions as part of the booking process.  Tarrell's Undisputed Facts ¶ 7.  Campbell asked Walking Eagle if he had any unexplained bleeding from any body openings or from growths under the skin.  Walking Eagle answered that he did not.  Tarrell's Undisputed Facts ¶ 8.  Campbell also asked if Walking Eagle had any other medical problems of which the Fall River County Jail should be aware.  Again, Walking Eagle answered that he did not.  Tarrell's

Undisputed Facts ¶ 9.  Campbell confirmed that Walking Eagle admitted to not suffering any bleeding or other medical problems.  Campbell also testified that Walking Eagle signed the Medical Receiving Screening Form.  Affidavit of Wallace M. Campbell ¶ 8.  The form illustrates Walking Eagle's answers in the negative.  Exhibit 1.

On September 16, 2003, Walking Eagle was transported to a doctor's appointment.  One day later, on September 17, 2003, Walking Eagle was released from the Fall River County Jail as instructed by the Fall River County State's Attorney.  His release resulted from the inability to arraign him before a magistrate judge within the time limits set by law.  Tarrell's Undisputed Facts ¶ 12.  The Fall River County Auditor's records do not show that Walking Eagle filed a notice of his claim as required by SDCL 3-21-2, 3.  Tarrell's Undisputed Facts ¶ 13.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Summary judgment is not appropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id.

In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986), Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record.  Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980).  However, once the moving party has met its burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002), Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986).  In determining whether a genuine issue of material fact

exists, the court views the evidence presented based upon which party has the burden of proof under the underlying substantive law. Anderson at 2513.

## DISCUSSION

An action arising under 42 U.S.C. § 1983 must allege that conduct of a defendant acting under color of state law deprived plaintiff of a right, privilege, or immunity secured by the constitution or the laws of the United States. Murray v. City of Onawa, Iowa, 323 F.3d 616, 619 (8th Cir. 2003). Summary judgment is appropriate where Tarrell shows that there is no genuine issue of material fact about whether Tarrell acted under color of state law and no genuine issue of material fact regarding whether Tarrell deprived Walking Eagle of a right, privilege, or immunity protected by federal law or the Constitution.

**Individual Capacity**

Walking Eagle's complaint alleges that Tarrell ignored Walking Eagle's need of emergency medical attention. The Eleventh Amendment does not bar § 1983 claims against state officials in their individual capacities. Hafer v. Melo, 502 U.S. 21, 30-31, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (quoting Scheuer v. Rhodes, 416 U.S. 232, 238, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). A qualified immunity defense, however, may shield state officials sued in their individual capacities. Hafer, 502 U.S. at 25.

The doctrine of qualified immunity protects officials from frivolous suits that would impede their ability to discharge their duties and discretionary

functions. Gregoire v. Class, 236 F.3d 413, 417 (8th Cir. 2000). Officials receive immunity so long as "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Id. (quoting Anderson v. Creighton, 483 U.S. 635, 638, 107 S. Ct. 3034, 3038, 97 L. Ed. 2d 523 (1987)). To determine whether Tarrell qualifies for immunity, the court must determine "whether a constitutional right would have been violated on the facts alleged . . . [and] assuming the violation is established . . . whether the right was clearly established . . . ." Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151, 2155, 150 L. Ed. 2d 272 (2001); See also Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). In order to avoid unnecessary costs, the court must first determine whether Tarrell is immune from suit. Saucier 121 S. Ct. at 2156.

Under qualified immunity analysis, determining whether there was a violation of a constitutional right is the first step in the Saucier analysis. At the time in question, Walking Eagle was a pretrial detainee. His claims are therefore analyzed under the Fourteenth Amendment. Hartsfield v. Colburn, 371 F.3d 454, 456-57 (8th Cir. 2004) (citing Ervin v. Busby, 992 F.2d 147, 150 (8th Cir.) (*per curiam*) (finding that pretrial detainees' claims are evaluated under Due Process Clause rather than Eighth Amendment), cert. denied, 510 U.S. 879, 114 S. Ct. 220, 126 L. Ed. 2d 176 (1993)). Although the Eighth Circuit has not ruled on the amount of protection afforded to pretrial detainees

under the Fourteenth Amendment Due Process clause, pretrial detainees like Walking Eagle have been afforded at least as much protection as under the Eighth Amendment. Hartsfield 371 F.3d at 457. See also Spencer v. Knapheide Truck Equip. Co., 183 F.3d 902, 906 (8th Cir. 1999) ("The Supreme Court has held that pretrial detainees are entitled under the Fourteenth Amendment to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment. This court has yet to settle on a clearly binding standard."). The prohibition of cruel and unusual punishment in the Eighth Amendment of the Constitution includes the protection of prisoners from deliberate indifference to serious medical needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Because pretrial detainees are entitled to at least as much protection as is offered by the Eighth Amendment, Walking Eagle is protected from deliberate indifference to serious medical needs.

"A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)). A lack of medical evidence supporting a claim of serious medical needs militates toward granting summary judgment. Coleman, 114 F.3d at 784 ("An inmate's failure to place verifying medical evidence in the

record to establish the detrimental effect of delay in medical treatment precludes a claim of deliberate indifference to medical needs.").

The record here contains no evidence of serious medical need. Walking Eagle failed to bring forth any testimony or records suggesting a medical condition even existed. On the night in question, Walking Eagle told officers he had no unexplained bleeding and denied having any medical conditions of which the Fall River County Jail should know. Tarrell's Undisputed Statement of Facts, Exhibit 1, Docket 43-2. Tarrell's undisputed facts also illustrate that officers noticed no obvious pain, bleeding, trauma, or illness when booking Walking Eagle. Id. at 1. The facts also show that Walking Eagle was transported to a doctor for an exam on September 16, 2003. Despite not exhibiting or complaining of any injuries at the time of his booking on September 14, 2003, Walking Eagle was given medical attention within two days of entering the Fall River County Jail.

The lack of evidence that Walking Eagle was suffering from any medical condition on the night of September 14, 2003, and the lack of evidence that there was any delay in providing Walking Eagle with appropriate medical treatment prevents Walking Eagle from proving that he suffered deliberate indifference to his serious medical needs. "If no constitutional right would have been violated . . . there is no necessity for further inquiries concerning qualified immunity." Saucier 121 S. Ct. at 2156. Because no genuine issue of

material fact exists regarding whether Walking Eagle was suffering from a serious medical need or whether treatment of his medical needs was unduly delayed, he suffered no violation of his constitutional rights and Tarrell qualifies for immunity. The court therefore grants summary judgment on Walking Eagle's claims against Tarrell in his individual capacity.

**Official Capacity Claims**

Tarrell also moves for summary judgment on the official capacity claims, alleging there was no county custom or policy causing the deprivation of Constitutionally protected rights. "Suits against public employees in their official capacity are the legal equivalent of suits against the governmental entity itself." Bankhead v. Knickrehm, 360 F.3d 839, 844 (8th Cir. 2004) (citing Buford v. Runyon, 160 F.3d 1199, 1201 n.3 (8th Cir. 1998) (quoting Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985))). Government entities can be held liable for employees who institute unconstitutional customs or policies. Avalos v. City of Glenwood, 382 F.3d 792, 802 (8th Cir. 2004) (citing Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999) ("[A] municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom.")).

Walking Eagle made no allegation that a Fall River County custom or policy led to the violation of his constitutional rights and the court is not aware

of any such custom or policy. "[T]he touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution . . . ." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The court will not speculate regarding whether Walking Eagle intended to make such a claim. The court therefore grants summary judgment on Walking Eagle's claims against Sheriff Tarrell in his official capacity.

## CONCLUSION

Viewing the evidence most favorably to Walking Eagle, there are no genuine issues of material fact for a jury to determine. Tarrell is therefore entitled to summary judgment. Accordingly it is hereby

ORDERED that Tarrell's motion for summary judgment (Docket 42) is granted.

Dated July 6, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE